

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Geatti v. AT&T

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Geatti v. AT&T" (2007). *2007 Decisions.* Paper 1289.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1289

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-63                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2704
_____

ANTONIO GEATTI,

Appellant

v.

AT&T
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-05826)
District Judge: Honorable William H. Walls
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Before:     MCKEE, FUENTES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed:  April 16, 2007)

_____

OPINION
_____

PER CURIAM

       Antonio Geatti, proceeding <u>pro</u> <u>se</u>, appeals the District Court's grant of summary

judgment in favor of Appellee and its denial of his motion for reconsideration.  For the

reasons set forth below, we will dismiss this appeal pursuant to 28 U.S.C. §

1915(e)(2)(B).

Geatti filed a complaint in the United States District Court for the District of New Jersey in December 2003, alleging that he was discriminated and retaliated against and harassed by his former employer, AT&T, based on his race and national origin. His complaint was based on the fact that on January 18, 2002, he received notice that his position was being eliminated as part of a reduction in workforce. Because we write primarily for the parties and because the details of Appellant's employment history and the reduction in workforce are set out in the District Court's opinion, we do not discuss them in detail here.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] The District Court entered summary judgment in favor of Appellee. We review a district court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir.

---

[1]Appellee filed a motion to dismiss for lack of appellate jurisdiction, arguing that Appellant's notice of appeal was untimely filed, and that this Court therefore lacked jurisdiction to hear the appeal. The District Court's opinion granting Appellee's motion for summary judgment was entered on January 24, 2006. However, it was not accompanied by a separate document setting forth the judgment as required by Rule 58(a)(1) of the Federal Rules of Civil Procedure. As such, judgment was not entered until June 23, 2006. See Fed. R. Civ. P. 58(b)(2)(B); Fed. R. App. P. 4(a)(7)(ii). Because Appellant's notice of appeal was filed prior to that date, his appeal was timely. See Fed. R. App. P. 4(a)(2). Accordingly, Appellee's motion is denied.

2002). To defeat a motion for summary judgment, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994).

Because Geatti has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

First, Appellant claimed that his position, rather than one of the two other comparable positions in his department, was eliminated based on his race and national origin. While Appellee argued that neither of the individuals in the two other positions were similarly situated to Appellant, the District Court concluded that Appellant had made out a prima facie case of discrimination and that Appellee had advanced a legitimate nondiscriminatory reason for eliminating Appellant's position. See Marzano v. Computer Scis. Corp., 91 F.3d 497, 502-04 (3d Cir. 1996). The District Court then moved to the third step of the McDonnell Douglas burden shifting framework, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), and concluded that Appellant had failed to proffer any evidence from which a factfinder could reasonably conclude that Appellee's articulated justification was a fabrication or that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). We agree with this

3

analysis, and therefore conclude that the District Court correctly entered summary judgment in favor of Appellee on this claim.

With respect to Appellant's claim of discrimination based on AT&T's failure to promote him, we conclude that, assuming he was referring to the position filled by Michael Conrad,[2] the District Court properly held that Appellant failed to demonstrate that he was qualified for that position. See id. at 763. To the extent Appellant's complaint was based on AT&T's failure to promote him to the position vacated by Conrad, as the District Court explained, this position was eliminated with Conrad's promotion, and therefore, there was no position for appellant to be promoted to.

As to Appellant's failure to hire claim, we agree with the District Court that, for those positions for which Appellant was qualified, and which remained open and were eventually filled, while Appellant did make out a prima facie case, Appellee nonetheless demonstrated that Appellant was not hired for those positions for legitimate non-discriminatory reasons. See id. Because the burden then shifted to Appellant to show by a preponderance of the evidence that Appellee's explanation was pretextual, and because Appellant set forth no evidence of pretext, we agree with the District Court that Appellant failed to establish a genuine issue of material fact as to this claim. See id.

Finally, Appellant alleges that, between January 2002, when he received notice

_____

[2]As the District Court explained, Appellant never articulated which position AT&T failed to promote him to. Because he did mention a position vacated by Michael Conrad in his EEOC complaint, both AT&T and the District Court assumed that this was the position he was referring to.

4

that his position was being eliminated, and March 2002, when he was ultimately terminated, he was harassed and retaliated against by his manager and the Director of Human Resources. We agree that Appellant has not established a prima facie claim of harassment based on race or national origin. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996). With respect to his claim of retaliation, we agree that Appellant's claim must fail as the adverse employment action in question – the elimination of Appellant's position – had already been decided upon prior to Appellant's complaints. See Slagle v. County of Clarion, 435 F.3d 262, 265 (3d Cir. 2006). Furthermore, to the extent Appellant claims that he was not hired for any other positions in retaliation for his complaints to upper management, we conclude that Appellant has failed to demonstrate the required causal connection, as Appellee has already demonstrated that Appellant was not the most qualified candidate for any of the other positions he applied for. See id.

For the reasons stated above, we conclude that the District Court correctly entered summary judgment in favor of Appellee on all claims.

Following the District Court's entry of summary judgment, Appellant sought reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the District Court had overlooked certain relevant material facts in reaching its decision. Appellant's disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Because Appellant set

5

forth no basis upon which such a motion could be granted, we conclude that the District Court correctly denied Appellant's motion.

Accordingly, we conclude that this appeal lacks legal merit, and will therefore dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Appellant's motion for appointment of counsel is denied.